Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343
F: 866-219-8344

*[Additional Counsel on Signature Page]*
*Attorneys for Plaintiff Vicente Pena and The Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE PENA, individually and on behalf of others similarly situated, | Case No.: 22-cv-01635-JLS-RBB |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER** |
| vs. | |
| GAMESTOP, INC., | |
| Defendant. | |

**Table of Contents**

**Page**

INTRODUCTION .................................................................................................1

FACTS .................................................................................................................2

     A. Gamestop's Illegal Wiretapping Practices...............................................2

     B. The *Licea* Action ..................................................................................3

     C. The Instant Action ...............................................................................3

LEGAL STANDARD ...........................................................................................4

I.    The First-to-File Rule and 1404(a) ..........................................................4

II.   Fed. R. Civ. P. 12(b)(6) ...........................................................................5

ARGUMENT .......................................................................................................5

I.    This Case Cannot Be Transferred Because It Could Not Have Been Brought
     in the Central District of California ..........................................................5

II.   The First-to-File Rule Should Not Be Applied to Stay or Dismiss
     This Case.................................................................................................8

     A. Dismissing this Case Would Foreclose Recovery for Numerous Class
        Members and For All Class Members' Federal Wiretap Claims...............8

     B. Staying the Case Would Prejudice Plaintiff and Class Members but
        Would Not Conserve Any Judicial Resources.........................................11

III.  Plaintiff Has Adequately Pled His Claims under Rule 12(b)(6)..................12

     A. Plaintiff Has Adequately Pled His Wiretapping Claim (Count 1)...........12

     B. Defendant's Conduct as Pled Violates CIPA (Count 2).........................16

CONCLUSION .................................................................................................18

i

# **Table of Authorities**

**Page(s)**

**Cases**

*Schwartz v. Frito-Lay N. Am*
  2012 WL 8147135 (N.D. Cal. Sept. 12, 2012)...........................................................11

*Adoma v. The University of Phoenix, Inc*
  711 F. Supp. 2d 1142 (E.D. Cal. 2010)....................................................................8, 10

*Allstar Mktg. Grp., LLC v. Your Store Online, LLC,*
  666 F. Supp. 2d 1109 (C.D. Cal. 2009)........................................................................4

*Alltrade, Inc. v. Uniweld Prod., Inc.,*
  946 F.2d 622 (9th Cir. 1991).........................................................................................8

*Amaro v. Bee Sweet Citrus, Inc.,*
  2022 WL 3567207 (E.D. Cal. Aug. 18, 2022) ...............................................................8

*Apple Inc. v. Psystar Corp.,*
  658 F.3d 1150 (9th Cir. 2011).......................................................................................4

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ......................................................................................................5

*Baatz v. Columbia Gas Transmission, LLC,*
  814 F.3d 785 (6th Cir. 2016).......................................................................................11

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ..................................................................................................5, 15

*Caro v. Weintraub,*
  618 F.3d 94 (2d Cir. 2010)..........................................................................................13

*Colorado River Water Conservation Dist. v. United States,*
  424 U.S. 800 (1976)......................................................................................................4

*Conley v. Gibson,*
  355 U.S. 41 (1957) ........................................................................................................5

*Cortes v. Victoria Secret Stores, LLC,*
  2020 WL 1139657 (N.D. Cal. Mar. 9, 2020) ...............................................................10

*Crowley v. CyberSource Corp.,*
  166 F. Supp. 2d 1263 (N.D. Cal. 2001)......................................................................14

*Cryptography Rsch., Inc. v. Visa Int'l Servs. Ass'n,*
  2005 WL 8162448 (N.D. Cal. Feb. 22, 2005) ..............................................................15

*Erickson v. Pardus,*
  551 U.S. 89 (2007) ......................................................................................................15

*Gampala v. Dep't of Homeland Sec.,*
  2018 WL 4680182 (N.D. Cal. Sept. 28, 2018)...........................................................8, 11

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501 (1947) ......................................................................................................4

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**

*Healy v. Wells Fargo Bank, N.A.*,
  2020 WL 7074939 (S.D. Cal. Dec. 3, 2020) ............................................................... 7
*Hill v. Robert's Am. Gourmet Food, LLC*,
  2013 WL 3476801 (N.D. Cal. July 10, 2013) ........................................................... 10
*Hoffman v. Blaski*,
  363 U.S. 335 (1960) ............................................................................................... 6, 7
*In re Bozic*,
  888 F.3d 1048 (9th Cir. 2018) .............................................................................. 4, 6
*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ......................................................... 13, 15, 16, 17
*In re Google Assistant Priv. Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) .................................................................. 14
*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) .................................................................................. 5
*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ....................................................................... 4, 9, 10
*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 ........................................................................................................... 17
*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir.2008) ............................................................................ 5, 17
*Medlock v. HMS Host USA, Inc.*,
  2010 WL 5232990 (E.D. Cal. Dec. 16, 2010) ...................................................... 11
*Navarro v. Block*,
  250 F.3d 729 (9th Cir.2001) ................................................................................... 5
*Pedro v. Millennium Prod.*, Inc.,
  2016 WL 3029681 (N.D. Cal. May 27, 2016) ........................................................ 9
*Priddy v. Lane Bryant, Inc.*,
  2008 WL 11410109 (C.D. Cal. Nov. 24, 2008) .................................................... 10
*Red v. Unilever United States, Inc.*,
  2010 WL 11515197 (C.D. Cal. Jan. 25, 2010) .................................................... 10
*Scheuer v. Rhodes*,
  416 U.S. 232 (1974) ................................................................................................. 5
*Schwartz v. Frito-Lay N. Am*
  2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) ..................................................... 11
*Smith v. Toys "R' Us-Delaware, Inc.*,
  2013 WL 4049219 (E.D. Cal. Aug. 7, 2013) ......................................................... 9
*Stewart Org. v. Ricoh Corp.*,
  487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ........................................... 5
*United States v. Pasha*, another case cited by Defendant, does not even implicate the
  Wiretap Act.,
  332 F.2d 193 (7th Cir. 1964) ................................................................................. 14

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**

*United States v. Shryock*,
    342 F.3d 948 (9th Cir. 2003) .......................................................................14

*Urista v. Wells Fargo & Co.*,
    2022 WL 104278 (S.D. Cal. Jan. 11, 2022) .................................................7

*Vazquez-Santos v. El Mundo Broad. Corp.*,
    219 F. Supp. 2d 221 (D.P.R. 2002) ............................................................15

*Viva Healthcare Packaging, Ltd. v. CTL Packaging USA, Inc.*,
    2013 WL 12142564,n.1 (C.D. Cal. Oct. 8, 2013) .........................................7

*Wilkie v. Gentiva Health Servs., Inc.*,
    2010 WL 3703060 (E.D. Cal. Sept. 16, 2010) .............................................9

**Statutes**

18 U.S.C. § 2510 ...........................................................................................12
18 U.S.C.A. § 2511 .............................................................................12, 13, 14
28 U.S.C. § 1391 ..............................................................................................6
28 USCA § 1404 ............................................................................................5, 6
Cal. Penal Code § 631(a) ...............................................................................16
California Penal Code § 631 .......................................................................1, 12
28 USCA § 1404(a) .....................................................................................5, 6, 7
18 USCA § 2511(2)(d) ..............................................................................13, 14

**Rules**

Fed. R. Civ. P. 8(a)(2) .....................................................................................5
Fed. R. Civ. P. 12(b)(6) ...................................................................................5

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**

Plaintiff Vicente Pena files this Memorandum in Opposition to Defendant Gamestop, Inc.'s ("Gamestop" or "Defendant") Motion to Stay, Dismiss, or Transfer (the "Motion" or "Brief") (ECF No. 8-1) Plaintiff's Class Action Complaint ("Compl.") (ECF No. 1).

## INTRODUCTION

This case implicates Gamestop, a multi-billion-dollar company with a major online presence, and its systematic and ongoing practice of surreptitiously intercepting, collecting, recording, and disseminating Plaintiff's and proposed Class Members' electronic communications on its website, gamestop.com. Compl. ¶ 1, 24–36. Plaintiff and Class Members visit Gamestop and use the website's chat feature for customer service communications with the company regarding questions on products, order issues, help navigating the website, and more. *Id.* ¶ 26. Defendant, however, is secretly recording and sharing these communications with a third-party called Zendesk, a company that touts its ability to harvest personal data from client chats like the communications at issue here. *Id.* ¶ 28. This practice, which is undisclosed to Plaintiff and Class Members, no doubt benefits Gamestop's bottom line, but it is also illegal. Plaintiff thus brought suit seeking damages and injunctive relief for Defendant's violation of the Federal Wiretap Act and California Penal Code § 631 of the California Invasion of Privacy Act ("CIPA").

Defendant now moves to snuff out this important consumer class action in its infancy, grasping to another action brought against the company, *Licea v. Gamestop, Inc., et al.,* No. 22 Civ. 01562 (C.D. Cal.) (the "*Licea* Action"), filed the month prior to the instant case. First, Defendant argues this case should be transferred to the Central District of California where the *Licea* Action is pending, but Plaintiff's claims could not have been brought in the Central District and the applicable case law forbids Defendant to forum shop in this way. In the alternative, Defendant seeks the stay or dismissal of Plaintiff's claims pending the resolution of the *Licea* Action, an extraordinary remedy inappropriate where, as here, the first-filed case has just begun

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**

and where, as here, claims and potential class members are completely excluded from any possible recovery in the first-filed action.

If the Court is not inclined to grant any of these ill-supported applications, however, Defendant's Brief makes a final offer of the rest of the kitchen sink, arguing in the alternative that the Court should dismiss Plaintiff's claims here under Rule 12(b)(6). This entire argument rests on the incorrect claim, rejected as a matter of law by the Ninth Circuit, that an online company employing software that taps its users' communications with customer service on the website is somehow exempt from liability under the Federal Wiretap Act and CIPA. As detailed below, Defendant's conduct as pleaded violates both statutes and the company's illegal conduct cannot find safe harbor in any exemption.

Gamestop's multitude of attempts to escape liability without litigation and deny Plaintiff his day in court should be rejected. For the reasons stated herein, Defendant's Motion should be denied in its entirety.

## FACTS

### A. Gamestop's Illegal Wiretapping Practices

According to Defendant, "GameStop is a retailer that sells video games and entertainment products in physical stores and via its website, www.gamestop.com." Def.'s Motion at 2. Like other websites, gamestop.com includes a chat feature, which allows users like Plaintiff Pena and other proposed Class Members to ask questions about their orders, products listed on the website, and general website issues. Compl. ¶ 26. Unlike other websites offering this chat feature, however, and unbeknownst to users like Plaintiff, Defendant secretly deployed code on its website that allowed the company to monitor, intercept, and transmit these communications for another purpose entirely. *Id.* ¶ 27. As is so often the case when companies today unlawfully tap their users' communications, that purpose is money. Defendant's wiretapping code transmits Plaintiff's and proposed Class Member's private communications to Zendesk, a

company focused on harvesting highly personal information from communications like the chats at issue here for sales and marketing purposes. *Id.* ¶ 28.

Defendant does nothing to disclose its wiretapping software to users. *Id.* ¶ 30. Consumers therefore reasonably believe that their communications with Gamestop customer service on its chat platform are confidential. *Id.* Thus, Defendant's conduct amounts to a secret and illegal wiretapping scheme where Plaintiff's and proposed Class Member's communications on gamestop.com are harvested without those users' consent—all for the purpose of increasing Gamestop's effectiveness at targeting them for sales and marketing.

### B. The *Licea* Action

On September 6, 2022, Plaintiff Licea filed his initial complaint in the *Licea* Action in the United States District Court for the Central District of California. ECF No. 1 (the "*Licea* Complaint"). The threadbare *Licea* complaint consists of seven pages and one cause of action—Defendant's violation of CIPA for Gamestop's secret recording and sharing of users' communications with a third-party. *Id.* ¶¶ 25–31. On October 27, 2022, a week after this action was filed, the *Licea* plaintiff amended his complaint. ECF No. 12 (the "*Licea* FAC"). The new complaint was three pages longer but among its substantive changes was a narrowed Class definition, limiting the proposed Class in *Licea* only to those users who used Gamestop's website from their mobile phones. *Id.* ¶ 21 (defining the proposed Class as "All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent.").

### C. The Instant Action

Plaintiff Pena filed the instant action the month after the *Licea* plaintiff filed his initial complaint. ECF No. 1. Like the *Licea* Complaint, Plaintiff's Complaint alleged Gamestop's secret recording and sharing of users' communications in violation of CIPA. Compl. ¶¶ 61–74. Unlike the operative *Licea* FAC, however, Plaintiff's

3

Complaint included a cause of action for Gamestop's violation of the Federal Wiretap Act, Compl. ¶¶ 54–60, and unlike the *Licea* FAC, Plaintiff's Complaint includes a national class of all gamestop.com users whose chats were unlawfully tapped (as well as a California subclass).  Compl. ¶ 41.

## LEGAL STANDARD

### I.      The First-to-File Rule and 1404(a)

As a general principle of law, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Furthermore, it is axiomatic that the plaintiff is master of his complaint and a "plaintiff's choice of forum should rarely be disturbed."  *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

The first-to-file rule is a narrow exception to this "virtually unflagging obligation," a prudential doctrine of federal comity that permits a district court, in some circumstances, to decline jurisdiction over a subsequently filed action where a similar, first-filed action is pending in another district.  *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011).  Furthermore, a district court may only transfer a case under the first-to-file rule where that case could have been brought in the transferee forum. *See In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) ("A contrary understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute—a result that the Supreme Court has made clear we cannot countenance.").  If these threshold requirements are met, courts consider three factors when deciding whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Transfer under § 1404(a) requires that the proposed transfer (1) further the convenience of parties and witnesses, (2) be in the interest of justice, and (3) move the

civil action to another district "where it might have been brought or to any district [] to which all parties have consented." 28 USCA § 1404.  If these factors are met, a district court has discretion under § 1404(a) "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

## II.    Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001).  In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  For purposes of ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the plaintiffs. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.2008).  A plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555).

## ARGUMENT

## I.    This Case Cannot Be Transferred Because It Could Not Have Been Brought in the Central District of California

Plaintiff Pena, a citizen and resident of San Diego County (squarely within this District), Compl. ¶ 15, could not have brought this lawsuit against Gamestop, a

5

Minnesota corporation headquartered in Texas, *id.* ¶ 16, in the Central District of California.  This is because "a civil action may be brought in (1) a judicial district in which any defendant resides, . . . [or] (2) a judicial district in which a substantial part of the events [] giving rise to the claims occurred."  28 U.S.C. § 1391.  Plaintiff lives in this District and thus accessed Gamestop's website within this District and the events giving rise to his claims therefore occurred in this District.  Compl. ¶¶ 15, 17, 23.

This simple fact unequivocally defeats any motion to transfer, whether under the first-to-file rule or § 1404(a).  Section 1404 states in clear terms that any civil action transferred under that section must only be transferred "to any other district or division where it might have been brought."  28 USCA § 1404.[1]  Transfer under the first-to-file rule bears the exact same requirement because, as the Ninth Circuit has recognized, to hold otherwise "would allow a judge-made doctrine to contravene a congressionally enacted statute."  *Bozic*, 888 F.3d at 1054.

Defendant's sole argument against this stubborn fact is that "GameStop did not contest personal jurisdiction over it in the Central District of California in *Licea* and there would likewise be specific personal jurisdiction in the Central District for this case as well."  Def.'s Motion at 11.  This is a losing argument as a matter of well-settled law, first set out more than 60 years ago by the Supreme Court in no uncertain terms.  *See Hoffman v. Blaski*, 363 U.S. 335, 342–43 (1960) ("We do not think the § 1404(a) phrase 'where it might have been brought' can be interpreted to mean, as petitioners' theory would required, 'where it may now be rebrought, with defendants' consent.'").  In *Hoffman*, the Court lambasted the argument Defendant now attempts to make here, explaining:

> The thesis urged by [defendants] would not only do violence to the plain words of § 1404(a), but would also inject gross discrimination. That thesis, if adopted, would empower a District Court, upon a finding of convenience, to transfer an action to any district desired by the defendants

---

[1] Section 1404 makes an exception where both parties consent to the transfer, but Plaintiff Pena has not consented to transfer in this case.  *See* 28 USCA § 1404(a)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**

and in which they were willing to waive their statutory defenses as to venue and jurisdiction over their persons, regardless of the fact that such transferee district was not one in which the action 'might have been brought' by the plaintiff. Conversely, that thesis would not permit the court, upon motion of the plaintiffs and a like showing of convenience, to transfer the action to the same district, without the consent and waiver of venue and personal jurisdiction defenses by the defendants. Nothing in § 1404(a), or in its legislative history, suggests such a unilateral objective and we should not, under the guise of interpretation, ascribe to Congress any such discriminatory purpose.

*Id.* at 344. No court in the intervening half-century has **<u>ever</u>** disturbed this firmly settled law. *See, e.g., Urista v. Wells Fargo & Co.*, No. 20-CV-01689-H-AHG, 2022 WL 104278, at *2 (S.D. Cal. Jan. 11, 2022) (relying on *Hoffman*, and noting that "[t]hese requirements [under 1404(a)] must be met irrespective of any potential waiver by the defendant."); *Healy v. Wells Fargo Bank, N.A.*, No. 20-CV-01838-H-AHG, 2020 WL 7074939, at *2 (S.D. Cal. Dec. 3, 2020) (same).

Indeed, as one district court noted, "[t]he *Hoffman* decision was superseded in part by the 2011 amendment to § 1404(a), which provided that a district court may also transfer an action 'to any district or division to which all parties have consented.'" *Viva Healthcare Packaging, Ltd. v. CTL Packaging USA, Inc.*, No. 13-CV-03372-JAK-MRWX, 2013 WL 12142564, at *2 n.1 (C.D. Cal. Oct. 8, 2013). In other words, congress explicitly amended § 1404(a) to permit transfer where **<u>both</u>** parties consent, and so permitting transfer where only Defendant consents to the transfer is doubly offensive to the text and intent of 1404 as amended.

Because Defendant's motion dies on this threshold issue, Defendant labors for ten pages of its Brief to argue factors that simply cannot be reached as a matter law. Therefore, every case citation and argument in Sections I–II of Defendant's Brief is irrelevant and should be disregarded. *See* Def.'s Motion at 5–15 (ignoring *Hoffman* entirely and arguing factors not relevant to this case). Defendant's motions to transfer under the first-to-file rule and under § 1404(a) should be denied.

**II.      The First-to-File Rule Should Not Be Applied to Stay or Dismiss This Case.**

The sole issue remaining in these two sections of Defendant's Brief is, essentially, an afterthought from Gamestop.  While Defendant spends 10 pages arguing for a transfer it cannot legally be granted, it notes once in its introduction that "the first-to-file rule dictates that this action should be stayed or dismissed," and **<u>once</u>** in the body of its Brief that "[h]ere, given the similarity of the parties and issues, the Court should dismiss this case [or in] the alternative, the Court should stay this case pending a decision on GameStop's motion to dismiss in *Licea*."  Def.'s Motion at 10.  The Court should give Defendant's cursory argument the short shrift it deserves.

**A. Dismissing this Case Would Foreclose Recovery for Numerous Class Members and For All Class Members' Federal Wiretap Claims**

As an initial matter, the fact that Defendant's Motion to Dismiss is still pending in the *Licea* Action weighs heavily against applying the first-to-file rule because "the Ninth Circuit [has] cautioned district courts against exercising discretion to dismiss a case 'if the first-filed proceeding remains at risk of dismissal.'"  *Amaro v. Bee Sweet Citrus, Inc.*, No. 21-CV-00382-JLT-HBK, 2022 WL 3567207, at *2 (E.D. Cal. Aug. 18, 2022) (quoting *Gampala v. Dep't of Homeland Sec.*, 2018 WL 4680182, at *2 (N.D. Cal. Sept. 28, 2018); *see also Adoma v. The University of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1150 (denying motion brought under first-to-file rule because, *inter alia*, "the [first-filed] case has not advanced even to certification").  Indeed, "[t]he risk of dismissal in the first action strongly weighs against dismissal in the second action because it would foreclose all opportunities for the Plaintiffs to litigate their claims." *Amaro*, 2022 WL 3567207, at *3; *see also Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (Ninth Circuit reversing district court's dismissal under first-to-file rule because a risk of dismissal existed in the first case).

Furthermore, while Gamestop grasps to the *Licea* Action in an attempt to sweep Plaintiff's case under the rug, it glaringly downplays two crucial facts in its Brief.  First, the Class definition in the *Licea* Action's threadbare 10-page amended complaint is

substantially narrower than Plaintiff's Class definition in this matter. Defendant's characterization that the class definitions in the two cases are "worded slightly differently" is a colossal understatement. Def.'s Motion at 6. In reality, Plaintiff's Complaint includes a nationwide class of all gamestop.com users harmed by Defendant's conduct, Compl. ¶ 41, whereas the *Licea* Class is limited only to users in California. *Licea* FAC ¶ 21. Thus, potential Class Members in 49 states and the District of Columbia are excluded from the *Licea* Action. In addition, the *Licea* Class includes only consumers who "communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone," *Licea* FAC ¶ 21 (emphasis added), whereas Plaintiff's Complaint includes every consumer "whose communications were intercepted by Defendant or its agents." Compl. ¶ 41. In other words, every single consumer outside the State of California and every single California consumer who accessed Gamestop's website through a computer or tablet—comprising the vast majority of proposed Class Members in this action—is explicitly excluded from the *Licea* Action.

Defendant no doubt benefits from downplaying this significant fact because it weighs against its motion for stay or dismissal under the first-to-file rule, which considers *inter alia* "the similarity of the parties." *Kohn*, 787 F.3d at 1240. In weighing the similarity of the parties, district courts in the Ninth Circuit compare the proposed classes rather than the named plaintiffs. *Pedro v. Millennium Prod.*, Inc., No. 15-CV-05253-MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016). If, as here, the class definitions do not implicate "substantially similar" classes, the first-to-file rule should not be applied. *See, e.g., Smith v. Toys "R' Us-Delaware, Inc.*, No. 13-CV-00254-AWI, 2013 WL 4049219, at *2–3 (E.D. Cal. Aug. 7, 2013) (noting the different class definitions and ruling that "the Court declines to [apply the first-to-file rule] because [d]efendant has failed to show the . . . actions are 'substantially similar'"); *Wilkie v. Gentiva Health Servs., Inc.*, 10-cv-1451-FCD-GGH, 2010 WL 3703060, at *3 (E.D. Cal. Sept. 16, 2010) (denying motion under first-to-file rule in part because the cases'

class definitions differed and the second-filed case's definition "may be broader"); *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1150 (E.D. Cal. 2010) (denying motion under first-to-file rule where "the rights of potential collective members [excluded from the first filed class definition] may be seriously infringed").

Defendant cites to numerous cases with differing subclasses or slightly different class definitions, but none of these cases support stay or dismissal—every single one of them resulted in <u>transfer</u>. *Priddy v. Lane Bryant, Inc.*, No. 08-cv-06889-MMM-CWX, 2008 WL 11410109, at *10 (C.D. Cal. Nov. 24, 2008) (denying the defendant's motion to stay or dismiss, and transferring the case); *Red v. Unilever United States, Inc.*, No. 09-07855-MMM -AGRX, 2010 WL 11515197, at *7 (C.D. Cal. Jan. 25, 2010) (same); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-CV-00696-YGR, 2013 WL 3476801, at *5 (N.D. Cal. July 10, 2013) (transferring the case under the first-to-file rule).  Where a transfer is possible, additional Class Members excluded by the first-filed complaint will not be left behind.  Their rights will be vindicated and their claims adjudicated in the transferee forum.  Where, as here, transfer is not possible, stay or dismissal will only prejudice Class Members.  And in this case, <u>most</u> proposed Class Members would fall through the cracks.

In addition, Defendant's false equivalence to the *Licea* Action downplays a second crucial fact—the *Licea* plaintiff brings only one claim, under CIPA, *see Licea* Compl. ¶¶ 25–31, whereas Plaintiff Pena bring additional claims against Gamestop on behalf of the proposed Class for Defendant's violation of the Federal Wiretap Act.  *See* Compl. ¶¶ 54–60; *see also Kohn*, 787 F.3d at 1240 (the first-to-file rule requires similar claims).  Dismissing Plaintiff's action here would effectively deprive Plaintiff and the proposed Class, including the *Licea* plaintiff who Plaintiff here represents, of their right to pursue their claims under federal law.  *See Cortes v. Victoria Secret Stores, LLC*, No. 19-CV-07639-EJD, 2020 WL 1139657, at *4 (N.D. Cal. Mar. 9, 2020) (even where application of the first-to-file rule was merited, dismissal was unwarranted because the second case included a legally distinct cause of action and "the [additional claim] is not

10

likely to be resolved in the [first action]"); *see also Adoma*, 711 F. Supp. 2d at 1150 (denying motion brought under first-to-file rule in part because "plaintiff brings additional theories of recovery"); *Glover v. Ferrero USA, Inc.*, 11-cv-1086 (FLW), 2011 WL 5007805, at *4 (D.N.J. Oct. 20, 2011) ("[T]he later-filed case must be truly duplicative of the suit before the court . . . The issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other[.]").

Defendant relies on *Schwartz v. Frito-Lay N. Am.*, to argue that the first-to-file rule should still be applied even where additional claims are at issue in the subsequently filed action, but *Schwartz* fails to carry Defendant's argument. 12-cv-02740-EDL, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012). First, *Scwhwartz* did not include an entirely distinct cause of action but rather multiple <u>parallel</u> state consumer protection statutes. *Id.* at *3. Furthermore, the *Schwartz* court <u>transferred</u> that case, but as discussed above, the instant action cannot be transferred. Defendant's reliance on *Medlock v. HMS Host USA, Inc.* is unavailing for the same reason. 10-cv-2167-LJO-GSA, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010). In fact, *Medlock* makes clear why Defendant's motion here should be denied when the court notes that "[the plaintiff's] claims not present in the [first action] militates against outright dismissal." *Id.* at *6. In fact, Defendant cites no case where distinct claims were successfully snuffed out by a dismissal, or even a stay, under the first-to-file rule. It should not be allowed to snuff out <u>most</u> proposed Class Members' claims here.

**B. Staying the Case Would Prejudice Plaintiff and Class Members but Would Not Conserve Any Judicial Resources**

Nor is staying this case merited, as doing so could not serve the fundamental purpose of a stay: to conserve scarce judicial resources. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016) ("[T]he most important purpose of the first-to-file rule is to conserve [judicial resources]."); *cf. Gampala v. Dep't of Homeland Sec.*, No. 18-CV-02302-JSC, 2018 WL 4680182, at *5 (N.D. Cal. Sept. 28, 2018) ("Other district court judges have applied the first-to-file rule to stay the later

filed action <u>where the first-filed suit is likely to resolve the claims of the later-filed suit</u>") (emphasis added).  This is because, even if the *Licea* Action were to adequately address Plaintiff's and (certain) proposed Class Members' CIPA claims, any stay in this action would nevertheless need to be lifted to adjudicate claims for all Class Members not covered by the *Licea* Action and to adjudicate all Class Members' claims under the Federal Wiretap Law.  Such adjudication, as Defendant concedes, would implicate "the same legal issues," Def.'s Motion at 8, and thus Plaintiff would seek substantially similar discovery.  A stay therefore cannot possibly conserve judicial resources.  The only purpose it could conceivably serve is to delay recovery under CIPA for all consumers who accessed Gamestop's website via computer or tablet, and to delay recovery under the Federal Wiretap Act for Plaintiff and <u>all</u> proposed Class Members.

* * *

In sum: Transfer here is not possible.  Dismissal would snuff out whole claims and leave an untold number of consumers without a proposed Class to represent them.  A stay would accomplish nothing of value but would merely postpone the inevitable while prejudicing Plaintiff and Class Members.  Defendant's myriad straw-grasping attempts to delay or entirely avoid addressing the merits of Plaintiff's claims should be rejected.  Its motions under §1404(a) and the first-to-file rule should be denied.

## III.    Plaintiff Has Adequately Pled His Claims under Rule 12(b)(6)

As discussed above, Plaintiff's Complaint brings two claims:   a claim for Defendant's violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and a claim for Defendant's unlawful wiretapping and interception of electronic communication under the California Penal Code § 631.  Both claims are more than adequately pled under the law and should be permitted to move forward.

### A. Plaintiff Has Adequately Pled His Wiretapping Claim (Count 1)

The Federal Wiretap Act makes unlawful the interception of "any wire, oral, or electronic communication."  18 U.S.C.A. § 2511.  The Act further prohibits disclosure "to any other person the contents of any wire, oral, or electronic communication,

12

knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection. *Id.* Defendant cites § 2511(2)(d) to argue that Gamestop falls under an exception to the Federal Wiretap Act because it is a party to the communication. Def.'s Motion at 16.

This argument fails because it is settled law in the Ninth Circuit that "unknown duplication and communication of [electronic communications through the web] do not exempt a defendant from liability under the party exception." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020). This is because "[i]n the context of the statute, a party to the conversation is one who takes part in the conversation." *Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). The parties to Plaintiff's and Class Members' communications at issue were Gamestop customer service representatives. *See* Compl. ¶ 26. These parties were not responsible for Gamestop's illegal tap—the engineers who installed the wiretapping code on the website were. *Id.* ¶ 27 ("Unknown to Plaintiff and Class Members, Defendant secretly deployed wiretapping software on its website. Using that software, Defendant covertly monitors, records, and creates secret transcripts of all communications through the chat feature on its website."). And as the Ninth Circuit in *Facebook* reasoned:

> As we have previously held, the paramount objective of the Electronic Communications Privacy Act, which amended the Wiretap Act is to protect effectively the privacy of communications. We also recognize that the Wiretap Act's legislative history evidences Congress's intent to prevent the acquisition of the contents of a message by an unauthorized third-party or an unseen auditor. Permitting an entity to engage in the unauthorized duplication and forwarding of unknowing users' information would render permissible the most common methods of intrusion, allowing the exception to swallow the rule.

*In re Facebook*, 956 F.3d at 608 (internal citations and quotations omitted). In other words, the Wiretap Act only exempts the actual, <u>direct participants</u> in a conversation who record that communication. It does not create a loophole for an "unseen auditor" to wiretap the electronic communications that users engage in on its online platforms.

13

Defendant's Brief gives away the game—not a single case turning on the party exception to the Wiretap Act implicates electronic web communications.  In fact, Defendant cites only one case finding the party exception to the Wiretap Act applicable, and that case involved videotapes of drug meetings in a RICO case.  *See United States v. Shryock*, 342 F.3d 948, 977 (9th Cir. 2003).  *United States v. Pasha*, another case cited by Defendant, does not even implicate the Wiretap Act. 332 F.2d 193 (7th Cir. 1964).  In fact, it was decided *four years* before the Wiretap Act was passed in 1968. 18 U.S.C.A. § 2511.  The other case Defendant cites for its argument, *Crowley v. CyberSource Corp.*, does manage to implicate the correct statute, but it simply has nothing to do with the party exception. 166 F. Supp. 2d 1263 (N.D. Cal. 2001).  Rather, *Crowley* turned on fact that the defendant "merely received the information transferred to it" and it therefore simply did not "intercept" any communication within the meaning of the Act.  *Id.* at 1269.

Furthermore, Gamestop's argument fails for a second, independent reason. While Defendant's Brief editorializes Section 2511(2)(d), critically omitting the final clause, the full text makes clear the exception applies "unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."  Plaintiff's Complaint has plausibly pled such a violation—The California Wiretapping Act, discussed *infra*. Compl. ¶¶ 61–74.

Defendant's second argument for dismissal of Plaintiff's Wiretap Act claim is wholly dependent on the first and should be rejected for that reason.  Defendant argues that "liability for disclosure or use is contingent on the original interception being unlawful," *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 819 (N.D. Cal. 2020), and it is therefore not liable for disclosure or use "because GameStop did not unlawfully intercept communications under the Wiretap Act (because it was a party to those communications)."  Def.'s Motion at 17.  The first case cited by Defendant does not implicate the party exception to the Act at all.  *See In re Google*, 457 F. Supp. 3d at

14

819 (defendant was not liable under the Wiretap Act because its interceptions were not intentional).  Defendant's second case, *Vazquez-Santos v. El Mundo Broad. Corp.*, 219 F. Supp. 2d 221, 229 (D.P.R. 2002), is inapposite because it does not implicate the kind of electronic web communication the Ninth Circuit has held, as a matter of law, is not exempt from the Wiretap Act.  *In re Facebook*, 956 F.3d at 608.  Instead, the party in *Vazquez-Santos* who recorded the communication was the actual journalist who took part in that communication, and thus the interception was not unlawful under the Act. *Vazquez-Santos*, 219 F. Supp. 2d at 229.

Finally, Defendant argues, briefly and without case law support, that Gamestop's sharing of Plaintiff's private communications with third-party Zendesk "cannot give rise to a Federal Wiretap Act claim" because, according to Defendant, Plaintiff has not plead facts plausibly showing this.  Def.'s Motion at 16–17.  Not so.  As detailed in the Complaint:

> Defendant secretly deployed wiretapping software on its website. Using that software, Defendant covertly monitors, records, and creates secret transcripts of all communications through the chat feature on its website. . . . Defendant shares the secret transcripts with Zendesk, a third party that publicly boasts about its ability to harvest highly personal data from chat transcripts for sales and marketing purposes. Rather than merely providing a software service, Defendant allows Zendesk to intercept and use the secret transcripts.

Compl. ¶¶ 27–28.  Plaintiff has alleged enough to "give[s] the defendant fair notice of what the . . . claim is," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)), as required under Rule 12(b)(6).  Defendant's demands for more specifics than this before discovery are particularly perverse because any more particular evidence and information regarding when and how Gamestop collected and sold Plaintiff's data are in Gamestop's custody and control, not Plaintiff's.  *See, e.g., Cryptography Rsch., Inc. v. Visa Int'l Servs. Ass'n,* No. 04-CV-04143-JW, 2005 WL 8162448, at *4 (N.D. Cal. Feb. 22, 2005) (noting that a "plaintiff cannot be expected to have personal knowledge of the facts constituting the

wrongdoing" where "the facts at the pleading stage are largely in the defendant's control."); *see also* Compl. ¶ 32 ("The relevant facts regarding the full parameters of the communications Defendant intercepted and shared and the extent of how the connections occurred are within the possession and control of Defendant.").

**B. Defendant's Conduct as Pled Violates CIPA (Count 2)**

The California Wiretapping Act imposes liability on any person who, *inter alia*, uses "any machine, instrument, or contrivance, or in any other manner, intentionally taps or otherwise makes any unauthorized connection . . . without the consent of all parties . . . reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication . . . ." Cal. Penal Code § 631(a).   Defendant's CIPA arguments largely mirror its arguments against Plaintiff's Wiretap Act claim, and they similarly fail.

Defendant argues the party exception under CIPA "is recognized by nearly five decades of California state and federal court precedent," and "[i]n the forty five-plus years since, a long line of California appellate and Ninth Circuit cases have consistently applied this doctrine." Def.'s Motion at 18.  This brief recounting of CIPA's history is interesting, true, and irrelevant.  As discussed in detail with Plaintiff's Wiretap Act claim, electronic communications transmitted online do not fall under the party exception. *See supra*, at 15.  Defendant's recitation of "forty five-plus years" of case law includes just a single citation to a case implicating electronic web communications. Incredibly, that case cited by Defendant is *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020), which Defendant's Brief quotes as saying "[CIPA] contain[s] an exemption from liability for a person who is a 'party' to the communication."  Def.'s Motion at 19 (citing *In re Facebook*, 956, F.3d at 607).  Of course, if Defendant had bothered reading past the paragraph it quoted, the very first sentence of the next paragraph portends that "[t]he party exception must be considered in the technical context of this case."  *In re Facebook*, 956, F.3d at 607.  As discussed above, the Ninth Circuit then proceeds to outline the technical process by which

16

electronic communications are relayed on the web.  *Id.* (detailing how web communications are transmitted from client devices to servers via "GET requests" and noting that the entity that surreptitiously duplicates transmissions is not an actual party to the communications).  Finally, also as discussed above, the Ninth Circuit ultimately held in no uncertain terms that "unknown duplication and communication of GET requests do not exempt a defendant from liability under the party exception." *Id.* at 608.

The only argument Defendant musters that differs in any way from its failed Wiretap Act arguments is that the communication at issue is not "intercepted" because "it must be acquired during transmission, not while it is in electronic storage."  Def.'s Motion at 20 (citing *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002)).  This, too, is a losing argument.  As an initial matter, Defendant fails to cite to a single portion of Plaintiff's Complaint where he alleges the communication is acquired "while it is in electronic storage."  Instead, Defendant cites to Paragraph 5 of the Complaint, which states that Defendant "secretly makes transcripts of the chats" and "then shares the transcripts with third parties."  Def.'s Motion at 20 (citing Compl. ¶ 5). This fails to prove Defendant's argument.  This pleading simply states that the text of Plaintiff's communications with Gamestop is recorded (as a transcript) and transferred to third parties.  Whether that text communication is first put into "electronic storage" and then retrieved and sent to third parties "while in electronic storage," or whether that text communication is contemporaneously transmitted to Gamestop's servers and the servers of third parties is a question of fact which cannot be known until Plaintiff has been afforded the opportunity to conduct discovery—a process which Defendant is trying to preclude with this motion to dismiss.  On a motion to dismiss, Plaintiff's pleading that "Defendant allows Zendesk to intercept and use the secret transcripts," Compl. ¶ 28, is accepted as true and construed in the light most favorable Plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nothing more is required at this stage.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**

## CONCLUSION

For the reasons set forth herein, Gamestop's Motion is wholly without merit and should be denied in its entirety.

Dated: January 20, 2023                              Respectfully Submitted,

By: */s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
**SWIGART LAW GROUP**
2221 Carmino del Rio S, Ste 308
San Diego, CA 92108
Telephone: 866-219-3343
Facsimile: 866-219-8344
Josh@SwigartLawGroup.com

Daniel G. Shay, Esq.
**LAW OFFICE OF DANIEL G. SHAY**
2221 Camino Del Rio S, Ste 308
San Diego, CA 92108
Telephone: (619) 222-7429
*danielshay@tcpafdcpa.com*

Daniel O. Herrera
Nickolas J. Hagman
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485
*dherrera@caffertyclobes.com*
*nhagman@caffertyclobes.com*

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN**
280 South Beverly Drive
Beverly Hills, CA 90212
Telephone: 619-209-6941
jnelson@milberg.com

18

1

2                                              *Attorneys for Plaintiff and*
                                               *the Proposed Class*
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY, DISMISS, OR TRANSFER**