1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE PENA, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>GAMESTOP, INC.,<br><br>          Defendant. | Case No.: 22-CV-1635 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 8) |

   Presently before the Court is Defendant GameStop, Inc.'s ("Defendant" or "GameStop") Motion to Stay, Dismiss, or Transfer or in the Alternative Dismiss ("Mot.," ECF No. 8). Plaintiff Vicente Pena filed an Opposition to the Motion ("Opp'n," ECF No. 11), and Defendant filed a Reply in support of the Motion ("Reply," ECF No. 12), as well as three Notices of Supplemental Authority, *see* ECF No. 13 ("1st Supp."); ECF No. 16 ("2d Supp."); ECF No. 18 ("3d Supp."). Having carefully reviewed Plaintiff's Complaint ("Compl.," ECF No. 1), the Parties' arguments, and the law, the Court **GRANTS** the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and **DISMISSES** Plaintiff's Complaint **WITHOUT PREJUDICE**.

/ / /

/ / /

## BACKGROUND[1]

Defendant owns and operates the website www.GameStop.com.  Compl. ¶ 24.  A web chat feature on Defendant's website allows customers to communicate with Defendant concerning, for example, "questions about products, order issues, help with the site, etc." *Id.* ¶ 26.  Plaintiff has used this feature on Defendant's website "[o]ver the last few years." *Id.* ¶ 25.

Defendant "covertly monitors, records, and creates secret transcripts of all communications through the chat feature on its website," without the knowledge of its customers.  *Id.* ¶ 27.  Defendant further "shares the secret transcripts with Zendesk, a third party that publicly boasts about its ability to harvest highly personal data from chat transcripts for sales and marketing purposes."  *Id*. ¶ 28.  Plaintiff asserts that this conduct injured him and other customers by invading their privacy.  *Id.* ¶¶ 37–38.

Plaintiff initiated this putative class action on October 21, 2022, when he filed his Complaint.  *See generally id.*  He asserts claims for violations of the Federal Wiretap Act ("FWA"), 18 U.S.C. § 2510 *et seq*., and the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code § 631, on behalf of both a nationwide class as well as a California subclass comprising "persons . . . whose communications were intercepted by Defendant or its agents."  *See* Compl. ¶¶ 1, 40–41.

On December 6, 2022, Defendant filed the instant Motion, asking the Court to either (i) stay, dismiss, or transfer these proceedings to the District Court for the Central District of California pursuant to the "first-to-file" rule of federal comity, or (ii) transfer the case pursuant to 28 U.S.C. § 1404(a), because another action "mak[ing] nearly identical allegations"—*Licea v. GameStop, Inc.*, Case No. 5:22-cv-01562 (JGB-KK) (C.D. Cal.) (the "*Licea* action")—had been filed and pending in the Central District since September

---

[1] The facts alleged in Plaintiff's Complaint are accepted as true for purposes of Defendant's Motion.  *See Vasquez v. Los Angles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

6, 2022.  ECF No. 8-1 ("Mot. Mem.") at 1.[2]  However, on February 9, 2023, the plaintiff in the *Licea* action voluntarily dismissed that case.  1st Supp. at 1.  As such, the "first-to-file" issue is moot and will not be addressed in this Order; likewise, Defendant's § 1404(a) argument that the interests of justice strongly favor transfer on the basis of the pending *Licea* action is moot.

Alternatively, Defendant's Motion requests that the Court dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Mot. Mem. at 1.  The Court addresses this request below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

---

[2] Throughout this Order, citations to the Parties' briefing refer to the internal page numbers assigned by the Parties rather than the pagination assigned by the District's Case Management/Electronic Case Filing system.

22-CV-1635 JLS (MDD)

*Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 675 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)).  Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 155 (N.D. Cal. 2005) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

## ANALYSIS

Defendant asserts that Plaintiff fails to state a claim under either the FWA or CIPA because (i) as a matter of law, Defendant is exempt from liability pursuant to the "party exception" that applies to each statute; and (ii) Plaintiff fails to adequately plead that the

/ / /

alleged acts constitute "interception" under the relevant statutes and case law.  *See* Mot. Mem. at 16–21.

"The Wiretap Act prohibits the unauthorized 'interception' of an 'electronic communication,'" as well as the intentional disclosure or use of such intercepted communications.  *In re Facebook*, 956 F.3d 589, 606–07 (9th Cir. 2020) (quoting 18 U.S.C. §§ 2511(1)(a)–(e)).  Likewise, CIPA makes the following three acts illegal: "(i) 'intentional wiretapping,' (ii) 'willfully attempting to learn the contents or meaning of a communication in transit over a wire,' and (iii) 'attempting to use or communicate information obtained as a result of engaging in either of the two previous activities.'"  *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (quoting *Tavernetti v. Superior Court*, 22 Cal. 3d 187, 192 (1978)).  "'The analysis for a violation of CIPA is the same as that under the federal Wiretap Act.'"  *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (citing *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018)).

Moreover, under both the FWA and CIPA, "[i]t shall not be unlawful . . . for a person . . . to intercept a[n] electronic communication where such person is a party to the communication," so long as such interception is not "for the purpose of committing any criminal or tortious act[.]" 18. U.S.C. § 2511(2)(d); *see In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) ("Both [the FWA and CIPA] contain an exemption from liability for a person who is a 'party' to the communication, whether acting under the color of law or not.") (citing 18 U.S.C. §§ 2511(2)(c), (d); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979)).  "Courts perform the same analysis for both the Wiretap Act and CIPA regarding the party exemption."  *In re Facebook*, 956 F.3d at 607 (citation omitted).

## I.    The "Party Exception"

The Court agrees with Defendant that Plaintiff's claims under both the FWA and CIPA fail as a matter of law because Defendant was the known and intended recipient of the communications sent by Plaintiff through the chat feature on Defendant's website such that each statute's "party exception" bars Defendant's liability.

1    Here, Plaintiff pleads that he and the putative class members visited Defendant's

2    website, accessed the chat feature within, and "*communicate[d] with Defendant* for various

3    reasons such as questions about products, order issues, [and] help with the site." Compl.

4    ¶¶ 24–26 (emphasis added). These allegations essentially plead that Defendant was a party

5    to the communications in question. Plaintiff then alleges that Defendant "secretly deployed

6    wiretapping software on its website . . . [to] create[] secret transcripts of all

7    communications sent through the chat feature." Compl. ¶¶ 27–28. However, because

8    Defendant was the party that was meant to, and did, receive Plaintiff's communications,

9    under the party exception, any alleged interception of the communications is not

10   actionable.

11   Plaintiff nonetheless challenges the applicability of the party exception in this case

12   on two grounds. First, Plaintiff asserts that, under *In re Facebook*, Defendant was an

13   "unseen auditor" to whom the party exception is inapplicable. Opp'n at 13 (citing 956 F.3d

14   at 608). Alternatively, Plaintiff argues that the party exception does not apply to its FWA

15   claim because Defendant intercepted the communications "for the purpose of committing

16   any criminal or tortious act"—namely, Defendant's alleged violation of CIPA. *Id.* at 14.

17   The Court addresses each of these arguments in turn.

18   ### A.    *"Unseen Auditor" Liability*

19   Plaintiff, relying on *In re Facebook*, argues that Defendant is an "unseen auditor"

20   ineligible for the party exception because the intended recipients of Plaintiff's at-issue

21   communications were "Gamestop customer service representatives" rather than GameStop

22   itself. *Id.* at 13–14 (citing 956 F.3d at 608).

23   However, *In re Facebook* is factually distinguishable from the instant case. There,

24   the communications in question were "GET requests" sent from the plaintiff social media

25   users' web browsers to the third-party websites they sought to access; meanwhile,

26   Facebook, the defendant, had utilized "plug-in" software to simultaneously duplicate the

27   GET requests and transmit them to Facebook's servers without the users' knowledge, in

28   order to compile the users' browsing histories to sell to advertisers. 956 F.3d at 607. Thus,

because the intended recipient of the social media users' GET requests were third-party websites, not Facebook, Facebook's "simultaneous, unknown duplication" of such communications made it an "unseen auditor" rather than a party to the communications, and it therefore was not exempt from liability under the party exception. *Id.* at 608. Here, however, Plaintiff pleads that he and other users of GameStop's website "communicate[d] with Defendant," such that Defendant, like the third-party websites in *In re Facebook*, was the intended receiving party of the communications. *See* Compl. ¶¶ 24–26.

In his Opposition, Plaintiff attempts to analogize to *In re Facebook* by alleging a distinction between Defendant's customer service representatives, whom he suggests are the other "party" to the communications in question, and the supposed "engineers who installed the wiretapping code on the website," who he claims were the "unseen auditors" excluded from the party exemption. Opp'n at 13. This attempt to fracture Defendant into different sub-entities, however, fails. First, the Complaint repeatedly claims that the communications in question were "with Defendant." *See, e.g.*, Compl. ¶ 26 ("While on the site, Plaintiff and Class Members used the web chat feature to communicate with Defendant[.]"); *id.* ¶ 31 (alleging Plaintiff "reasonably believed[his] interactions with Defendant by chat were private"); *id.* ¶ 34 (stating that the at-issue communications "were content generated through Plaintiff's use, interaction, and communication with Defendant through the chat feature on its web site"); *id.* ¶ 57 (noting that "Plaintiff and Class Members chatted with Defendant on its website"); *id.* ¶ 62 (same). The Complaint contains no allegations regarding "customer service representatives" or "engineers." *See generally id.* Rather, the Complaint specifies that, "[u]nless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, . . . [and] representatives . . . of the named Defendant." *Id.* ¶ 14. Accordingly, per the Complaint's plain terms, customer service representatives and engineers acting on behalf of Defendant are, for purposes of Defendant's liability, "Defendant."

/ / /

/ / /

22-CV-1635 JLS (MDD)

1    As such, Plaintiff has failed to plead anything other than that Defendant intercepted

2    communications to which it was itself a party, placing Defendant squarely within the party

3    exception and barring Defendant's liability under the FWA and CIPA.[3]

4        **B.    The "Criminal or Tortious Act" Exception**

5        Plaintiff additionally contends that Defendant's alleged violation of CIPA

6    constitutes a "criminal or tortious act" that renders the party exception inapplicable to his

7    FWA claim.  Opp'n at 14.  As noted above, the party exception bars liability under the

8    FWA only so long as the interception was not undertaken "for the purpose of committing

9    any criminal or tortious act[.]"  18 U.S.C. § 2511(2)(d).

10       Plaintiff does not allege that Defendant intercepted the communications at issue for

11   the purpose of violating CIPA, but even if he did, "[P]laintiff[] point[s] to no legal authority

12   providing that the exception to § 2551(2)(d) is triggered when, as here, the tortious conduct

13   is the alleged wiretapping itself."  *In re Google Cookie Placement Consumer Priv. Litig.*,

14   806 F.3d 125, 145 (3d Cir. 2015).  Rather, as the Third Circuit noted in responding to the

15   same argument Plaintiff advances here, "all authority of which we are aware indicates that

16   the criminal or tortious acts contemplated by § 2511(2)(d) are acts secondary to the

17   acquisition of the communication involving tortious or criminal use of the interception's

18   fruits."  *Id.* (footnote omitted).  Here, while Plaintiff alleges that Defendant engaged in the

19   allegedly illegal interception of his and the proposed class members' communications "in

20   order to create transcripts that could be shared with third parties to analyze to extract key

21   words for marketing an[d] other purposes," Compl. ¶ 8, Plaintiff does not allege that this

22   purpose constitutes independently illegal or actionable conduct such that the party

23

24   _____

25   [3] To the extent Plaintiff contends that the party exception is inapplicable to Internet communications, *see*

26   Opp'n at 14 (claiming "not a single case turning on the party exception to the Wiretap Act implicates
     electronic web communications"), the Court disagrees; indeed, other courts have applied the party
     exception in nearly identical circumstances.  *See, e.g.*, *See Licea v. Am. Eagle Outfitters, Inc.*, Case No.

27   EDCV 22-1702-MWF (JPR), 2023 WL 2469630, at *8 (C.D. Cal. Mar. 7, 2023) (finding the party
     exception insulated from liability a defendant website operator who allegedly violated CIPA by allowing

28   a third party to intercept conversations communicated via the defendant's website's chat feature).

22-CV-1635 JLS (MDD)

exception is inapplicable.  Accordingly, the Court finds that the "criminal or tortious act" exception to the party exception is inapplicable to Plaintiff's FWA claim.

In sum, the Court concludes that, as presently pleaded, the Complaint suggests that the party exception to both the FWA and CIPA exempts Defendant from liability; thus, Plaintiff fails to state a claim for violation of either statute.  Accordingly, the Court **GRANTS** Defendant's Motion on this basis.

## II.   Disclosure of "Intercepted" Communications

Defendant further asserts that Plaintiff fails to state a claim for violation of either the FWA or CIPA because, while Plaintiff alleges generally that Defendant shared chat transcripts with one or more third parties, he pleads no facts to support those conclusory allegations and render them plausible.  Mot. Mem. at 16–17, 19–21.  To the extent the Court finds otherwise, Defendant argues that the alleged sharing of the information here does not violate either statute.  *See id.* at 17, 19–21.  As to both claims, given that Defendant was a party to the communication, the alleged "interception" was not illegal, and accordingly any subsequent disclosure to a third party is likewise not actionable.  *Id.* at 17, 20–21.  As to the CIPA claim, Defendant additionally argues that the communications must be intercepted while in transit rather than after the fact; because GameStop was the "intended destination" for the web chat communications, they were not intercepted such that their subsequent sharing was actionable.  *Id.* at 20–21.

The Court agrees that, on its face, the Complaint fails to allege that any information shared with Zendesk was "intercepted" in a manner that would be actionable under either the FWA or CIPA.  The FWA defines "intercept" as the "aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."  18 U.S.C. § 2510(4).  The Ninth Circuit has held that for a communication to be considered "intercepted" under the FWA, it "must be acquired during transmission, not while it is in electronic storage."  *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (footnote omitted).  CIPA's "while the same is in transit"

/ / /

language has the same effect, and courts look to cases analyzing the FWA in applying CIPA's "in transit" requirement.  *See Licea*, 2023 WL 2469630, at *8 (compiling cases).

"[Defendant] cannot intercept communications to which [Defendant] is already a party"; accordingly, given that the Court has found that the Complaint alleges that Defendant was a party to the communications at issue, Plaintiff fails to state a claim under either the FWA or CIPA.  *Brodsky*, 445 F. Supp. 3d at 127; *see supra* Section I. Furthermore, Plaintiff fails to conclusorily allege, much less state facts to plausibly support, that the communications in question were acquired  "in transit" such that they were "intercepted" under CIPA.  *See generally* Compl.  "Bare allegations of recording and creating transcripts do not specifically allege that Plaintiffs' messages were intercepted while in transit."  *Licea*, 2023 WL 2469630, at *9.  Accordingly, Plaintiff fails to state a claim under the FWA and CIPA, and the Court **GRANTS** Defendant's Motion on this ground as well.

### III.   Conclusion

In sum, Plaintiff has failed to state a claim for which relief can be granted under either the FWA or CIPA because: (i) Defendant is exempt from liability as a party to the communications; and (ii) even if Defendant were not a party, Plaintiff fails to plead facts sufficient to show that his communications were "intercepted."  Although Defendant seeks dismissal of the Complaint without leave to amend, *see, e.g.*, Mot. Mem. at 21, "Plaintiff may be able to amend the [Complaint] to allege additional facts that suggest that the party exemption does not apply to Defendant and that Plaintiff's communications were intercepted in transit," *Licea*, 2023 WL 2469630, at *10.  Accordingly, here, the Court finds it appropriate to dismiss with leave to amend.

### CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 8) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1).

Plaintiff **MAY FILE** an Amended Complaint curing the deficiencies of pleading noted in this Order <u>within thirty (30) days</u> of the date of this Order.  Plaintiff's Amended

22-CV-1635 JLS (MDD)

Complaint must be complete by itself without reference to his original Complaint; any Defendant not named and any claims not realleged in the Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived").  ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.***  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

   **IT IS SO ORDERED.**

Dated:  April 27, 2023

Hon. Janis L. Sammartino
United States District Judge